IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

| | |
|---|---|
| ROCKY MOUNTAIN WILD, INC., <br><br> Plaintiff-Appellant, <br><br> v. <br><br> U.S. FOREST SERVICE, and U.S. DEPARTMENT OF AGRICULTURE, <br><br> Defendants-Appellees. | C.A. No. 21-1169 <br><br> D.C. No. 1:18-cv-03065-MEH |

PLAINTIFF/APPELLANT'S MOTION FOR LEAVE TO SUPPLEMENT THE APPENDIX

Plaintiff-Appellant moves for leave to file Appellant's Appendix Volume III, which contains a single brief from the district court proceedings that both parties referenced and/or cited in the appellate briefing, and further moves for a stay of the deadline to file paper copies until the present motion is resolved.

A 10th Cir. R. 30.2(B) order allowing a supplemental appendix to ensure the appellate record accurately reflects the summary judgment proceedings below is supported by the following:

1. Plaintiff timely filed its Reply Brief, along with Appellant's Appendix Volume III, on February 11, 2022.

2. The Reply Brief was accepted for filing on the same day, with paper copies due February 18, 2022.

3. On February 14, 2022, an order was entered that stated,

   > no other appendix may be filed absent leave of court. See 10th Cir. R. 30.2(B). Accordingly, the court will receive, but not file, Appellant's Appendix Volume III, and it will not be considered unless and until Appellant obtains leave of court to file the same.

   This Motion seeks leave to file Appellant's Appendix Volume III.

4. Appellant's Appendix Volume III contains a single document - Plaintiff/Appellant's Reply to Cross-Motion for Summary Judgment ("Summary Judgment Reply") - which was filed as ECF No. 59 in the district court. The Summary Judgment Reply was cited in the Summary Judgment Order. *See e.g.,* Aplt.App._0349, Aplt.App._0354, Aplt.App._0356, Aplt.App._0361.

5. Leave is properly given because the Answer relies on assertions that various claims, issues, and arguments were not made below. *See e.g.* Answer_14 (alleging "claims were never raised below"); 54 (alleging briefing did not "alert the district court to the issue and seek a ruling"); 61 ("Nowhere did Rocky Mountain Wild raise the arguments that it presents now…"). The Answer does not cite to the Summary

2

Judgment Reply and did not seek to include the full district court materials that allegedly lack certain issues and arguments. *Id.*

6. Plaintiff/Appellant' Reply Brief refutes the Answer's assertions of waiver by providing pinpoint cites to the parties' briefing below, including, but not limited to, the Summary Judgment Reply.[1] *See e.g.,* Reply_12 *citing* Aplt.App._0393; Reply_34 *citing* Aplt.App._0394-400.

7. Granting the present motion would ensure the appendix contains an accurate record of the district court proceeding. *See* Fed. R. App. P. Rule. 10(e)(1)("If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly."); FRAP 16 (b) (addressing omissions).

8. During conferral, opposing counsel stated, "The government made the argument about waiver in its Answer Brief in reliance on the belief that all relevant pleadings from the district court had been included in RMW's appendix."

---

[1] Paginated as Aplt.App._0374 - 404.

9. Supplementation is also appropriate to address mutual mistake and to ensure an accurate record of the district court proceedings. Fed. R. App. P. Rule 10(e)(1). Until responding to the Answer and briefing the waiver issues on Reply, it was also not apparent to undersigned appellant counsel that the Summary Judgment Reply would be required on appeal. No prejudice is involved, as the government believed (albeit erroneously) that the Answer cited an appendix that included the Reply on Summary Judgment when arguing certain matters were never raised below.

10. During conferral, Government Counsel stated objections to the request for an order supplementing the appendix with the Summary Judgment Reply contained in Appellant's Appendix Volume III.

11. Further, Plaintiff-Appellant requests a stay and subsequent extension of the February 18, 2022 deadline to file paper copies of the Reply in order to ensure conformance with the resolution of the present motion. The government does not object to the extension request.

Respectfully submitted, February 15, 2022:

*/s/ Travis E. Stills*
Travis E. Stills
Energy & Conservation Law
227 E.14th St, #201
Durango, Colorado 81301
(970) 375-9231
stills@eclawoffice.org

Matthew Sandler
Rocky Mountain Wild
1536 Wynkoop St. Suite 900
Denver, CO 80202
303-579-5162
Matt@rockymountainwild.org

*Attorneys for Appellant Rocky Mountain Wild*

## CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2022, I filed this Opening Brief using the Tenth Circuit's ECF system for filing and transmittal of a Notice of Electronic Filing.

## CERTIFICATE OF COMPLIANCE RE: PRIVACY REDACTIONS, VIRUSES AND ORIGINAL

I hereby certify that all privacy redactions have been made, any paper copies filed are exact copies of the version submitted electronically, and this brief has been scanned for viruses with the most

recent version of a commercial virus scanning program, and is free of viruses.

/s/ *Travis E. Stills*
Travis E. Stills