IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

| | |
|---|---|
| ROCKY MOUNTAIN WILD, INC.,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>U.S. FOREST SERVICE, and U.S. DEPARTMENT OF AGRICULTURE,<br><br>Defendants-Appellees. | C.A. No. 21-1169<br><br>D.C. No. 1:18-cv-03065-MEH |

APPELLEES' RESPONSE TO APPELLANT'S MOTION
FOR LEAVE TO SUPPLEMENT APPENDIX

Rocky Mountain Wild's (RMW) motion for leave to supplement the Appendix should be denied.

## Background

This appeal arises from a request and lawsuit brought under the Freedom of Information Act (FOIA) by Appellant RMW. In response to that request, the U.S. Forest Service and the Department of Agriculture ("the government") produced nearly 150,000 pages of responsive records and an 800-page *Vaughn* index. When the government moved for summary judgment, RMW filed a cross-motion for summary judgment.

1

Ultimately, the district court entered summary judgment for the government.

A few months later, RMW filed its Opening Brief and Appendix in this Court. The Appendix contained more than 200 pages of briefing on the issue of summary judgment. Those pleadings included: 1) Defendants' Motion for Summary Judgment; 2) Plaintiff's Cross-Motion for Summary Judgment; 3) Reply in Support of Defendants' Motion for Summary Judgment and Response to Plaintiff's Cross-Motion for Summary Judgment; and 4) Plaintiff's Response to [Defendants'] Motion for Summary Judgment.

RMW raised multiple issues in its Opening Brief. Among other things, RMW argued that the district court erred when it granted summary judgment for the government with respect to its redactions under FOIA Exemption 5. *See* Op. Br. 61-67. It claimed that the district court's order failed to address the elements of work-product privilege and the distinction between opinion work product and fact work product. *Id.* at 63-64. RMW also complained that the district court failed to address the elements of attorney-client privilege, including the possibility that the redacted communications were not

kept confidential and that the government attorneys involved were not acting in their capacity as legal advisors. *Id.* at 64-65.

In its Answer Brief, the government argued that RMW forfeited any arguments about the elements of attorney-client and work-product privilege when it failed to present those claims to the district court. *See* Answer Br. 61-63. The government cited RMW's pleadings below as support for that contention.

On February 11, 2022, RMW filed its Reply Brief. At the same time, RMW attempted to supplement the Appendix with a new volume. The only document in the proposed volume was a pleading that RMW had neglected to include in its Appendix: Plaintiff's Reply [in Support of the] Cross-Motion for Summary Judgment. The Opening Brief never referenced this document, as required by 10th Cir. R. 28.1(A).

However, RMW failed to seek the Court's leave for this supplement under 10th Cir. R. 30.2(B). RMW also failed to seek the government's position on the motion, as required by 10th Cir. R. 27.1. The Court noted these errors and directed RMW to correct them.

Shortly thereafter, RMW filed a motion for leave to supplement the Appendix. The only explanation RMW offered for its failure to

3

include this pleading in the Appendix was that, "Until responding to the Answer and briefing the waiver issues on Reply, it was . . . not apparent to undersigned appellant counsel that the Summary Judgment Reply would be required on appeal." Motion at 4. RMW's motion was equally clear that the purpose of supplementing the Appendix with this document was to refute the government's claim of waiver. *Id.* at 3.

## Discussion

This Court should deny RMW's motion to supplement the Appendix. RMW's request is the direct consequence of its own failure to comply with two of this Court's rules: Rule 30.1(B) and Rule 28.1(A). Because the government has been prejudiced by RMW's failure to follow the rules, it opposes that request. This Court should not permit RMW to correct its own errors by supplementing the record with new materials *after* the government has already filed an Answer Brief that relied on RMW's incomplete Appendix.

**A.     RMW failed to comply with 10th Cir. R. 30.1(B)(1).**

"An appellant represented by retained counsel must electronically file an appendix sufficient for considering and deciding the issues on

appeal." 10th Cir. R. 30.1(B)(1). That includes following Rule 10.4, which states that "[w]hen the appeal is from an order disposing of a motion," the appellant must include "any responses and replies filed in connection with that motion" in its Appendix. 10th Cir. R. 10.4(D)(2); *see also* 10th Cir. R. 30.1(B)(1) ("The requirements of Rule 10.4 for the contents of a record on appeal apply to appellant's appendix.").

RMW failed to comply with that rule in this case. RMW's appeal focuses primarily on the district court's disposition of the cross-motions for summary judgment. Thus, RMW was required to include all responses and replies to those motions in its Appendix. *See, e.g.*, *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1189 (10th Cir. 2018) ("Specific to the context of an appeal from the grant of summary judgment, an appellant must file an appendix that includes all the materials considered by the district court.").

RMW did not do so. What is more, the explanation in its motion indicates that RMW still does not understand its obligations. *See* Motion at 4 ("Until responding to the Answer and briefing the waiver issues on Reply, it was . . . not apparent to undersigned appellant

counsel that the Summary Judgment Reply would be required on appeal.").

As the party seeking reversal, the duty to compile an adequate appendix falls on the appellant — and the appellant alone. *See* 10th Cir. R. 30.1(B) ("Appellant's Duty"). That duty must be satisfied *before* the other side responds. *See* 10th Cir. R. 30.1(A) ("The appendix must be filed electronically at the same time the opening brief is filed.").

An appellee may supplement the appendix, but it has no affirmative duty to do so. *Burnett v. Sw. Bell Tel.*, 555 F.3d 906, 909 (10th Cir. 2009) ("Although an appellee has no parallel duty to produce an appendix, it may supplement the appellant's filing with its own."). Furthermore, the fact that the Court could "access fairly readily the motions, responses, and replies discussed above on the district court's electronic filings system or otherwise" is irrelevant. *Burnett*, 555 F.3d at 909. "[I]t is not this court's burden to hunt down the pertinent materials. Rather, it is Plaintiff's responsibility as the appellant to provide us with a proper record on appeal." *Rios v. Bigler*, 67 F.3d 1543, 1553 (10th Cir. 1995).

"[T]he rules governing the required contents of the appendix 'are not empty gestures.'" *Lincoln*, 900 F.3d at 1190 (quoting *Travelers Indem. Co. v. Accurate Autobody, Inc.*, 340 F.3d 1118, 1121 (10th Cir. 2003)).  Both Rule 30.1(B)(3) and Rule 10.4(B) emphasize that the Court has no obligation "to remedy the failure of any counsel to provide an adequate appendix." 10th Cir. R. 30.1(B)(3) (citing 10th Cir. R. 10.4(B)). Consequently, "[a]n appellant who provides an inadequate record does so at his peril." *Burnett*, 555 F.3d at 908.

**B.    RMW failed to comply with 10th Cir. R. 28.1(A).**

In other circumstances, RMW's error might have been harmless. But its failure to comply with Rule 30 was compounded by its failure to follow yet another rule: 10th Cir. Rule 28.1(A).  That provision states that, "For each issue raised on appeal, all briefs must cite the precise references in the record where the issue was raised and ruled on."

Once again, there can be no dispute that RMW failed to comply with this rule.  Its arguments about the elements of attorney-client and work-product privilege appear at pages 61 to 67 of the Opening Brief. In those pages, RMW does not make any attempt to identify where it

raised these arguments below. Rather, the sole citation in this section refers to a different claim about the sufficiency of the *Vaughn* index.

As with Rule 30.1(B), this Court has repeatedly emphasized that Rule 28.1(A) is not a mere formality. When "an appellant fails to satisfy this requirement, [the Court] may assume the appellant did not preserve the issue for appeal and refuse to review the alleged error." *United States v. Leffler*, 942 F.3d 1192, 1196 (10th Cir. 2019). To be sure, the Court may choose to exercise its discretion to "independently review the record." *Id.* (quoting *United States v. Williamson*, 53 F.3d 1500, 1514 n.7 (10th Cir. 1995)). But it has "warned that all counsel should understand the potentially serious consequences that could result from noncompliance with the applicable rules of appellate procedure." *Id.*

## C. RMW's failure to follow these rules has prejudiced the government.

In its motion, RMW suggests that the government would not be prejudiced if the Court permitted RMW to supplement the Appendix. *See* Motion at 4. Not true.

As noted above, RMW made little effort to comply with 10th Cir. Rule 28.1's requirements for any of the issues in its Opening Brief. The brief does not specifically identify where these claims were presented below, and the majority of citations are to the district court's opinion, not RMW's own pleadings.

Based on those failures, the government could have asked the Court "to assume the appellant did not preserve the issue for appeal and refuse to review the alleged error." *Leffler*, 942 F.3d at 1196. Instead, the government combed through the Appendix to determine whether (and if so, where) RMW had presented each of those claims. Because RMW fulfilled neither its obligation to identify where it raised this particular issue, nor its obligation to include an adequate appendix for review, the government concluded that RMW failed to present this claim in the proceedings below.

Based on this, the government asserted that this argument had been forfeited. (And, because RMW failed to argue for plain-error review, that it had been waived on appeal). Rather than add to its 69-page Answer Brief already addressing the six issues (and various sub-issues) raised by RMW's own 69-page Opening Brief, the government

9

declined to address the merits of this claim.[1] The government made that choice in reliance on the absence of any evidence in RMW's Appendix that the argument was preserved.

Despite RMW's protests, this was not the government's mistake. When an appellant fails to identify where a claim was preserved, the appellee should not be required to scour the record to prove that it wasn't. The government was entitled to rely on RMW's "tacit assurances" that the Appendix contained "all of the relevant matter," as is required by Rule 30.1(B). *Burnett*, 555 F.3d a 920; *cf. Lincoln*, 900 F.3d at 1190 (recognizing that an appellant places the appellee in a difficult position when it fails provide an adequate appendix).

To the contrary, RMW's own failure to follow Rules 30.1(B) and 28.1 is directly to blame for its current situation. RMW belatedly seeks to refute a claim of waiver with materials that it should have cited to in its Opening Brief and included in its Appendix.

---

[1] Both briefs were fewer than 100 words away from the upper word limit. Fed. R. App. P. 32(a)(7)(B)(i).

If the Court grants RMW's motion, the government will be at a significant disadvantage. If RMW is correct and this claim was preserved, the government will have no opportunity to dispute the argument on its merits. If RMW is wrong and this claim was not preserved, the government will have no opportunity to argue that point to the Court.

The balance of equities does not support such a result. The Tenth Circuit's local rules exist for good reason. Because RMW's motion would not be necessary if it had simply followed those rules, the Court should deny RMW the relief it seeks.

**D.     In the alternative, the Court may deny this motion because the pleading is unnecessary to resolve this issue.**

Alternatively, the Tenth Circuit should deny RMW's motion "on the sole basis that none of the materials in [its] Supplemental Appendix are necessary for [the Court's] disposition of this case." *Harris v. Progressive Direct Ins.*, 740 F. App'x 900, 919 (10th Cir. 2018) (unpublished) (citing *Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1473 n.1 (10th Cir. 1997)).

Ultimately, the contents of the reply that RMW filed in the district court are irrelevant to the question of whether this issue has been preserved. Like the Tenth Circuit, the District of Colorado considers any arguments made for the first time in a reply to be waived. *See, e.g.*, *Tuft v. Indem. Ins. Co. of N. Am.*, No. 19-cv-01827-REB, 2021 WL 1041801, at *2 n.3 (D. Colo. Feb. 4, 2021) (citing *Leffler*, 942 F.3d at 1197-98 (10th Cir. 2019)). "[R]eply briefs reply to arguments made in the response brief — they do not provide the moving party with a new opportunity to present yet another issue for the court's consideration." *Home Design Services, Inc., v. B & B Custom Homes,* 509 F. Supp. 2d 968, 971 (D. Colo. 2007). Thus, even if RMW squarely presented this issue in its reply below, the claim has still been waived.[2]

**E.    If this Court does choose to grant RMW's motion, the government requests the opportunity to file a sur-reply.**

Finally, if the Court does grant RMW's motion, the government requests the opportunity to submit a sur-reply. This will allow the

---

[2] A different conclusion might result if the district court nevertheless addressed an issue that was raised for the first time in the reply. But that did not occur here.

government to dispute any claim that this argument was not waived and to address the merits of the underlying issue.

Respectfully submitted,

COLE FINEGAN
United States Attorney

*s/Marissa R. Miller*
Assistant U.S. Attorney
1801 California Street, Suite 1600
Denver, Colorado 80202
303.454.0100
USACO.ECFappellate@usdoj.gov

Attorneys for Defendants-Appellees

## CERTIFICATE OF COMPLIANCE

As required by Fed. R. App. 27(d)(2)(A), I certify that the **APPELLEES' RESPONSE TO APPELLANT'S MOTION FOR LEAVE TO SUPPLEMENT APPENDIX** is proportionally spaced and contains 2,185 words, according to the Microsoft Word software used in preparing the brief.

>	*s/ Kayla Keiter*
>	KAYLA KEITER
>	U.S. Attorney's Office

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2022, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Tenth Circuit, using the appellate CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

*s/ Kayla Keiter*
KAYLA KEITER
U.S. Attorney's Office
